**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOO HO YANG, et al., : | |
| : | |
| Plaintiffs, : | **REPORT AND** |
| : | **RECOMMENDATION** |
| - against - : | |
| : | **03 Civ. 2907 (JSR) (RLE)** |
| DISTRICT DIRECTOR, BCIS NEW YORK, : | |
| : | |
| Defendant. : | |

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

Plaintiffs filed suit on April 25, 2003. The case was referred to the undersigned for general pretrial matters on May 19, 2003. After a number of conferences with the Court, on January 30, 2004, the Court ordered a stay of discovery until March 26, 2004, to allow defendant to review plaintiffs' immigration applications. At that time, the Court also directed plaintiff to inform the undersigned of subsequent developments in the case. Since then, the Court made numerous attempts to contact plaintiffs' counsel, calling on April 30, 2004, June 2, 2005, September 19, 2005, October 4, 2005, and February 21, 2006. Each time, the Court requested an update or a letter requesting an extension of the stay and received no oral update or any written communications in return, although both were promised a number of times by counsel.

On March 8, 2006, the Court then ordered that discovery should proceed and be completed by May 5, 2006, and that a joint pretrial order should be filed by June 5, 2006. No joint pretrial order was filed. The Court ordered that plaintiffs show cause by June 30, 2006, why the case should not be dismissed for failure to prosecute. The Court has received no communications from plaintiffs.

## II. DISMISSAL UNDER RULE 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Under Rule 41(b), plaintiffs have an obligation to diligently prosecute their case. *See* **Lyell Theatre Corp. v. Loews Corp.**, 682 F.2d 37, 43 (2d Cir. 1982); *see also* **Lucien v. Breweur**, 9 F.3d 26, 29 (7th Cir. 1993). Thus, "[c]ompletely aside from [their] failure to comply with the order, a dismissal is justified for [plaintiffs'] failure to prosecute at all." **Chira v. Lockheed Aircraft Corp.**, 634 F.2d 664, 667 (2d Cir. 1980). "A plaintiff's lack of diligence alone is enough for dismissal." **West v. City of New York**, 130 F.R.D. 522, 526 (S.D.N.Y. 1990).

A district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. **Link v. Wabash R.R. Co.**, 370 U.S. 626, 629 (1962); **Lukensow v. Harley Cars of New York**, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (*citing* **Harding v. Fed. Reserve Bank of New York**, 707 F.2d 46 (2d Cir. 1983)). The Supreme Court explained that such authority is governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." **Link**, 370 U.S. at 630-31. The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." **Lucas v. Miles**, 84 F.3d 532, 535 (2d Cir. 1996) (*citing* **Alvarez v. Simmons Mkt. Research Bureau, Inc.**, 839 F.2d 930, 932 (2d Cir. 1988).

Accordingly, the Second Circuit has detailed the following factors that a court should consider before dismissing a case for failure to comply with a court order: "(1) the duration of the

2

plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." **Id**.; *accord* **LeSane v. Hall's Sec. Analyst, Inc.**, 239 F.3d 206, 209 (2d Cir. 2001) (*citing* **Alvarez**, 839 F.2d at 932).

Here, the duration of the plaintiffs' failure to comply with the Court's initial order to keep the Court updated as to the need for a continued stay of discovery is extensive - over two years. In addition, the duration of the plaintiffs' failure to respond to the Court's order to proceed with discovery and file a joint pretrial order is well over one month. Furthermore, the plaintiffs have now failed to respond to the Court's order to show cause, which gave notice of possible dismissal based on the failure to prosecute. Plaintiffs' failure to respond makes consideration of alternative sanctions impossible. Therefore, I recommend that the case be dismissed.

### III. CONCLUSION

I recommend that this case be dismissed, without prejudice, for failure to prosecute. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150

(1985); **Small v. Sec'y of Health and Human Servs.**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: July 18, 2006**
**New York, New York**

                                        **Respectfully Submitted,**

                                        *[signature: Ronald Ellis]*

                                        **The Honorable Ronald L. Ellis**
                                        **United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

Counsel for Plaintiffs
Yohan Park
39-01 Main Street
Flushing, NY 11354